Frederic A. Collins and Gloria R. Collins v. Commissioner.
Collins v. Commissioner
Docket No. 4784-70.
United States Tax Court
T.C. Memo 1972-170; 1972 Tax Ct. Memo LEXIS 88; 31 T.C.M. (CCH) 835; T.C.M. (RIA) 72170; August 9, 1972, Filed. Tried in New York, New York. Frederic A. Collins, pro se, 6 Pierrepont St., Brooklyn, N. Y. Barry D. Gordon, for the respondent. QUEALY
Memorandum Findings of Fact and Opinion QUEALY, Judge: In this proceeding, the Commissioner determined a deficiency in Federal income tax against the petitioners for the year 1966 in the amount of $4,015.91. Concessions having been made, the sole question for decision is whether $18,700 reported by the petitioners as long-term capital gain should properly have been included as ordinary income in 1966. Findings of Fact All of the facts have been stipulated and are found accordingly. At the time the petition herein was filed, *89 petitioners Frederic A. Collins and Gloria R. Collins, [1] were husband and wife with legal residence in Brooklyn, New York. During the period here in question, the petitioners were on the cash basis and filed their United States income tax returns on a calendar year basis. The return for the calendar year 1966 was filed with the district director of internal revenue, Brooklyn, New York. The petitioner is an attorney who, at times here relevant, was engaged in the practice of law in the firm of Collins & Gordon. In October of 1959, that firm was substituted as attorneys for Emanuel Lester who, as the assignee of Odie R. Seagraves, was prosecuting a monetary claim against Edward J. Ennis in the Supreme Court of New York County. Ennis was the executor of the estate of Serge Rubinstein, with whom Seagraves had been engaged in a joint venture during the years 1942 to 1946. The litigation between Lester and Rubinstein's estate was settled for $125,000, and on March 6, 1963, Edward J. Ennis, as *90 executor, drew a check in that amount payable to "Emanuel Lester and Collins & Gordon, attorneys." Pursuant to their retainer agreement with Lester, Collins & Gordon were to receive $37,500 for their services, of which one-half was to go to the petitioner. On March 8, 1963, the Internal Revenue Service, asserting that Seagraves' assignment of his claim to Lester was null and void, served a Notice of Levy on Ennis, as executor, attaching all property or rights to property of Seagraves in the possession of Ennis to satisfy a pre-existing tax liability owing by Seagraves. As a result, Ennis destroyed the March 6, 1963 check for $125,000 before delivery. On July 10, 1963, after Collins and Gordon had moved in the Supreme Court of New York County for an Order consummating the settlement, the United States brought suit in the United States District Court, Southern District of New York, to enforce its lien on the proceeds of the settlement. Collins and Gordon, named therein as party defendants, counterclaimed asserting that they held an attorney's lien on the $125,000 fund. In order to relieve Ennis from the burden of being a mere stakeholder, an oral agreement was effectuated on August 5, 1963, among *91 Ennis, Collins, and Gordon, as attorneys for Lester, and the United States, whereby Ennis was permitted, via a Release of Notice of Levy, to draw a check to Collins and Gordon, as attorneys, in the amount of $125,000. This amount was then placed in an account entitled "Collins and Gordon, special account" in the First National City Bank of New York. Simultaneously with that deposit, the Internal Revenue Service served Notices of Levy upon the bank and Collins & Gordon. Ultimately, in January of 1966, the District Court case was settled and the fund released. Collins and Gordon withdrew $37,500, of which $18,700 was withdrawn by the petitioner, and the balance was received by the United States, Lester and his assignees. The petitioners did not include any portion of the $18,700 fee in their return for 1963, although they had sought extensions of time to file that return by letters dated June 15, 1964, and October 15, 1964, citing the uncertainty of the fee as the reason for the delay. On their return for 1966, the petitioners reported the $18,700 as longterm capital gain. Opinion Initially, we must decide whether the amount of $18,700, admittedly received for 837services *92 rendered by the petitioner, can qualify for capital gains treatment. We think not. Section 61 [2] defines gross income as "all income from whatever source derived," including, but not limited to, compensation for services, including fees, commissions, and similar items. In his brief, the petitioner acknowledges that the fee, if taxable in 1963, would come within that definition. The petitioner contends that the intervening litigation served to change the character of the income. In this respect, the petitioner's position must be rejected. As stated in (C.A. 10, 1955): * * * If the sum [referring to fees due the taxpayer for contractual work performed] had been paid when due, it would have represented ordinary income. The fact that the sum was recovered in a lawsuit or in the settlement of a lawsuit does not change the character of the income regardless of the intervening time. The income must be considered in the light of the claim from which it was realized. * * * See also, *93 and cases there cited. Although not expressly raised in the petition, in his brief the petitioner argues alternatively that the amount was received in 1963 and therefore should not be treated as income realized in 1966. Section 451 provides, in part, as follows: (a) General Rule. - The amount of any item of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under the method of accounting used in computing taxable income, such amount is to be properly accounted for as of a different period. The petitioner filed his returns on the cash receipts and disbursements method of accounting. Clearly, under the facts of this case, the only date in 1963 on which the petitioner can be said to have been in receipt of his fee, if at all, was on August 5, 1963, when the $125,000 fund was placed in the "Collins and Gordon, special account." Obviously he received nothing on March 6, 1963, when th check from Ennis was drawn, for it was never delivered and there is nothing in the record to indicate that it was ever available to him for delivery. Cf. (C.A. 5, 1952). When the transfer *94 of the fund by Ennis, a stakeholder, to the special account of Collins and Gordon was made, a Levy by the United States was placed upon the account simultaneously with the deposit. This resulted, by agreement of the parties, in a simultaneous restriction on the disposition of any portion of that fund pending the litigation in the District Court. The petitioner was well aware of that restriction. He made no attempt to withdraw any funds from the restricted account. Even if the petitioner is deemed to have received "something" in 1963, the restrictions to which he had to agree in order to obtain the check for $125,000 precluded taxing him at that time. . See also . It is evident that the petitioner received nothing for his separate use in 1963, and in fact could receive nothing until the settlement of the litigation in 1966. Accordingly, Decision will be entered for the respondent. Footnotes
1. Gloria R. Collins is a petitioner herein solely by reason of having filed a joint income tax return with her husband. Hereinafter, references to "petitioner" are to Frederic A. Collins.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended.↩